_____

No. 95-3684
_____

United States of America,          *
                                    *
            Appellee,               *
                                    *       Appeal from the United States
      v.                            *       District Court for the
                                    *       District of South Dakota.
Wayne Robert Haggerty, also         *
known as Robert Wayne               *
Haggarty, also known as             *
Travis Cody,                        *
                                    *
            Appellant.              *
                                _____

            Submitted:  March 12, 1996

            Filed:  June 10, 1996
                                _____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.
                                _____

WOLLMAN, Circuit Judge.


     Wayne Robert Haggerty appeals from the district court's[1] denial of
his motion to dismiss the indictment charging him with illegal reentry into
the United States after deportation subsequent to a prior aggravated
felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  We affirm.

**I.**

     On January 26, 1994, in the Municipal Court of California, County of
San Diego, Haggerty, a Canadian citizen, was convicted of possession of
methamphetamine, a violation of section 11377(a) of

_____

     [1]The Honorable John B. Jones, United States District Judge for
the District of South Dakota, adopting the report and
recommendations of the Honorable Mark A. Moreno, United States
Magistrate Judge for the District of South Dakota.

the California Health and Safety Code and section 17(b)(4) of the California Penal Code. He received a suspended sentence and was placed on probation for three years. On June 29, 1994, in the same court, Haggerty pled guilty to unauthorized possession of methamphetamine, a violation section 11377(a) of the California Health and Safety Code. He received a suspended imposition of sentence and was placed on probation for three years subject to various conditions, including serving 240 days in jail. Following these convictions, Haggerty was deported to Canada on November 17, 1994.

On December 31, 1994, Haggerty reentered the United States without receiving permission for admission from the United States Attorney General. He was arrested in South Dakota, and his indictment charged:

> That on or about the 31st day of December, 1994, in Todd County, in the District of South Dakota, Wayne Robert Haggerty a/k/a Robert Wayne Haggarty a/k/a Travis Cody, an alien, was found in the United States after having been arrested and deported from the United States on November 17, 1994, at Seattle, Washington, after having been convicted of a prior aggravated felony, to-wit, possession of a controlled substance (methamphetamine) on June 29, 1994, in Municipal Court of California, County of San Diego, and that prior to his reembarkation from a place outside the United States, Wayne Robert Haggerty a/k/a Robert Wayne Haggarty a/k/a Travis Cody had not received the consent of the Attorney General of the United States to reapply for admission and to enter the United States, in violation of 8 U.S.C. § 1326(a) and 1326(b)(2).

Haggerty filed a motion to dismiss the indictment, alleging that his prior conviction did not constitute an aggravated felony within the meaning of 8 U.S.C. § 1326(b)(2). Following a hearing, the magistrate judge issued a report and recommendation finding that the June 29, 1994, drug conviction constituted an aggravated felony and that the indictment was not fatally flawed for failing

to allege the January 26, 1994, drug conviction. The district court adopted the magistrate judge's report and denied the motion to dismiss the indictment.

Haggerty entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss the indictment. The district court[2] sentenced Haggerty to sixty-six months in prison followed by two years' supervised release.

## II.

Haggerty contends that the indictment is invalid because it does not allege the January 26, 1994, California drug conviction. We hold, however, that because section 1326(b)(2) is an enhancement provision, the indictment did not need to charge a prior aggravated felony and thus was valid.

Section 1326 of Title 8 provides in relevant part:

**Reentry of deported alien; criminal penalties for reentry of certain deported aliens**

(a) Subject to subsection (b) of this section, any alien who--

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States . . .

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--

. . . .

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

-3-

>    (2)    whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

8 U.S.C. § 1326.

Whether a prior conviction for an aggravated felony is an element of section 1326(b)(2) or is a condition triggering enhancement is a question of first impression in this circuit. Of the several other circuits that have addressed this issue, only one has held that the section constitutes a separate offense. Compare United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir. 1992) (separate offense) with United States v. DeLeon-Rodriguez, 70 F.3d 764, 767 (3rd Cir. 1995) (enhancement provision), cert. denied, 116 S. Ct. 1343 (1996); United States v. Palacios-Casquete, 55 F.3d 557, 559 (11th Cir. 1995) (same), cert. denied, 116 S. Ct. 927 (1996); United States v. Munoz-Cerna, 47 F.3d 207, 210 n.6 (7th Cir. 1995) (same); United States v. Cole, 32 F.3d 16, 18 (2d Cir.) (same), cert. denied, 115 S. Ct. 497 (1994); United States v. Crawford, 18 F.3d 1173, 1177 (4th Cir.) (same), cert. denied, 115 S. Ct. 171 (1994); United States v. Forbes, 16 F.3d 1294, 1297-1300 (1st Cir. 1994) (same) and United States v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir. 1993) (same), cert. denied, 114 S. Ct. 889 (1994).

Several of the courts of appeals that have addressed the issue have found that the plain language and structure of the statute lead to the conclusion that Congress intended it to be a sentence enhancement rather than a separate offense. See DeLeon-Rodriguez, 70 F.3d at 766; Cole, 32 F.3d at 18-19; Crawford, 18 F.3d at 1177; Vasquez-Olvera, 999 F.2d at 945-46. The First Circuit found the language and structure of the statute unhelpful in determining Congressional intent, but found that the section was an enhancement provision based on the policy against allowing prior prejudicial

-4-

felonies to be introduced in front of a jury. <u>Forbes</u>, 16 F.3d at 1298-1300. The Ninth Circuit found the provision to be a separate offense based upon its analogy of the section to section 1325. <u>Campos-Martinez</u>, 976 F.2d at 591-92.

We agree with those circuits which have determined that section 1326(b) is a sentence enhancement. The plain language and structure of the statute indicate that it is a sentence enhancement. First, subsection (a) defines the crime of illegal reentry, and subsection (b) does no more than single out subsets of those persons reentering the country illegally for more severe punishment. See <u>United States v. Ryan</u>, 9 F.3d 660, 667-69 (8th Cir. 1993) (finding 18 U.S.C. § 844(i) to be enhancement provision), <u>aff'd on reh'g on other grounds</u>, 41 F.3d 361 (8th Cir. 1994) (en banc), <u>cert. denied</u>, 115 S. Ct. 1793 (1995); <u>United States v. Rush</u>, 840 F.2d 574, 577 (8th Cir.) (en banc) (finding Armed Career Criminal Act amendment to possession of firearm statute to be enhancement provision), <u>cert. denied</u>, 487 U.S. 1238 (1988). Second, subsection (b) cannot stand on its own as a separate offense without reference to subsection (a), as it "clearly predicates punishment upon conviction of the underlying crime." See <u>Ryan</u>, 9 F.3d at 668. <u>Cf.</u> <u>Rush</u>, 840 F.2d at 577 (amendment could stand on its own as separate offense).

We agree with the Fifth Circuit that subsection (b) contains many of the common indicia of sentence-enhancement provisions. See <u>Vasquez-Olvera</u>, 999 F.2d at 945. Subsection (b) contains explicit reference to conviction under subsection (a); the penalty provisions in subsection (b) are directly tied to the penalty in subsection (a); and the title of the section indicates that it is a sentencing provision. The fact that subsection (b) does not provide guidelines for the sentencing hearing is outweighed by the several factors indicating it is a sentence-enhancement provision. <u>See</u> <u>id.</u>; <u>see also</u> <u>Ryan</u>, 9 F.3d at 668 (discussing Fifth Circuit's factors indicating enhancement provision set out in <u>United States</u>

v. Davis, 801 F.2d 754, 755-56 (5th Cir. 1986)); Rush, 840 F.2d at 577 (same).

Because subsection (b)(2) specifies an enhancement rather than a separate offense, the indictment did not need to charge Haggerty with an aggravated felony.  See United States v. Hamell, 3 F.3d 1187, 1189 (8th Cir. 1993) (enhancement need not be charged in indictment), cert. denied, 114 S. Ct. 1121 (1994).  Thus, we need not address whether the indictment sufficiently charged Haggerty with an aggravated felony by charging the second, but not the first, conviction for drug possession.

**III.**

Haggerty contends that his prior conviction did not constitute an aggravated felony within the meaning of section 1326(b)(2).  An "aggravated felony" is defined to include:

> illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18); . . .
> The term applies to an offense described in this paragraph whether in violation of Federal or State law . . . .

8 U.S.C. § 1101(a)(43).  Section 924(c)(2) of Title 18 in turn defines a drug trafficking crime as including "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)."  Thus, Haggerty's conviction is an aggravated felony if (1) it is punishable under the Controlled Substances Act, and (2) it is a felony.  See Forbes, 16 F.3d at 1301.  Haggerty concedes that his conviction is punishable under section 844(a) of the Controlled Substances Act, and we find that it is a felony under both federal and state law.

-6-

Under federal law, an offense is a felony if the maximum term authorized for the offense is "more than one year."  18 U.S.C. § 3559(a). Possession of drugs is punishable as a felony under the Controlled Substances Act if the defendant has a prior federal or state drug conviction, as the defendant may be sentenced to "not more than two years." 21 U.S.C. § 844(a).

A felony is defined under the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State Law as a felony."  21 U.S.C. § 802(13).  We find that Haggerty's conviction is also a felony under California law.  Possession of methamphetamine is punishable by imprisonment in the county jail not exceeding one year or by imprisonment in the state prison for a term of sixteen months, two years, or three years.  Cal. Health & Safety Code § 11377(a) (West 1991); Cal. Penal Code § 18 (West 1988).  An offense is a felony under California law if it is "punishable with death or by imprisonment in the state prison." Cal. Penal Code § 17(a) (West 1988 & Supp. 1996).

Haggerty argues that because he received a suspended imposition of sentence following his second California conviction, he was convicted of a misdemeanor.  Section 17(b) of the California Penal Code states, in relevant part, that when the court has discretion to punish a crime as a felony or a misdemeanor, it is a misdemeanor for all purposes:

> (1)  [a]fter a judgment imposing a punishment other than imprisonment in the state prison.
>
>      . . . .
>
> (3)  [w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17(b) (West 1988 & Supp. 1996).

Haggerty does not meet either of the foregoing criteria. He does not meet the requirement of subsection (1) because "`[a]n order granting probation is not a judgment.'" United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992) (quoting People v. Smith, 16 Cal. Rptr. 12, 13 (Cal. Ct. App. 1961)). Haggerty does not meet the requirement of subsection (3) because the California court has never declared his conviction to be a misdemeanor. California courts considering the section have found that an offense that is punishable alternatively as a felony or a misdemeanor is regarded as a felony for every purpose until judgment. People v. Banks, 348 P.2d 102, 110 (Cal. 1959); see also Robinson, 967 F.2d at 293. Accordingly, Haggerty's June 29, 1994, conviction was a felony based on California law. We find no basis to support Haggerty's contention that the California court must be permitted the opportunity to revoke his probation before he is charged with the federal crime.

Haggerty argues, finally, that in Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court determined that state laws are too arbitrary to be used as the basis for interpreting federal criminal statutes. Because Haggerty's conviction would have also been a felony under federal law, however, his argument is meritless.

**IV.**

The conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.