**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 97-3086

———————

Jane Doe,                                        *
                                                 *
    Plaintiff - Appellee,          *
                                                 *
United States of America,                        *
                                                 *
    Intervenor Plaintiff - Appellee,   *
                                                 *    Appeals from the United States
v.                                               *    District Court for the
                                                 *    Northern District of Iowa.
Father Gerald Hartz,                             *
                                                 *
    Defendant - Appellant,         *
                                                 *
Bishop Lawrence Soens; St. Lawrence              *
Church; Roman Catholic Diocese of                *
Sioux City, Iowa,                                *
                                                 *
    Defendants.                    *

_____

No. 97-3087
_____

| | |
|---|---|
| Jane Doe, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| United States of America, | * |
| | * |
| Intervenor Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Father Gerald Hartz, | * |
| | * |
| Defendant, | * |
| | * |
| Bishop Lawrence Soens; St. Lawrence | * |
| Church; Roman Catholic Diocese, of | * |
| Sioux City, Iowa, | * |
| | * |
| Defendants - Appellants. | * |

_____

Submitted:  December 8, 1997
Filed:  January 26, 1998

_____

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

-2-

Plaintiff Jane Doe filed a civil action in federal district court against Father Gerald Hartz, Bishop Lawrence Soens, St. Lawrence Church, and the Roman Catholic Diocese of Sioux City, Iowa. Doe alleged that Father Hartz made sexual advances toward her. She asserted a federal claim under the Violence Against Women Act (VAWA), 42 U.S.C. §§ 13981-14040 (1994), and various other state law claims. The defendants moved to dismiss the suit, and the District Court denied the motion.[1] The case is before us on an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1994).

The defendants argue that Doe cannot state a claim under VAWA, that VAWA is an unconstitutional exercise of congressional power, and that the First Amendment bars Doe's state law claims. We hold that Doe has failed to state a claim that comes within the scope of VAWA. Accordingly, her VAWA claim must be dismissed. There being no basis other than the VAWA claim for federal jurisdiction over the supplemental state law claims, the District Court is directed to dismiss those claims as well.

I.

Doe alleges that Father Hartz sexually assaulted her on December 3, 1994. Doe claims that when she arrived at St. Lawrence Church to sing during evening mass, Father Hartz "came up behind her, grabbed her with both of his hands and pulled her back into his body, held her tightly and kissed her neck." Appellants' App. at 2 (Complaint). Doe also alleges that later the same evening, Father Hartz "rubbed [her] back up and down with his hand" while she was "standing and talking with other parishioners." Id. at 2, 5. As a result, Doe claims she suffered severe emotional trauma. See id. at 3.

---

[1]After the District Court's ruling, Doe conceded she was not asserting a VAWA claim against the Bishop, the Church, or the Diocese. The District Court dismissed the VAWA count only as to those defendants. Appellants' Add. at 133.

VAWA establishes a "right to be free from crimes of violence motivated by gender." 42 U.S.C. § 13981(b). The Act creates a civil cause of action against "[a] person . . . who commits a crime of violence motivated by gender and thus deprives another of the right." Id. § 13981(c). Thus, the civil claim is dependant upon a predicate offense--a crime of violence.

The predicate offense upon which Doe bases her VAWA claim is defined by Iowa Code section 709.15. Doe claims that Father Hartz's alleged sexual advances violated Iowa's criminal law against sexual exploitation by a counselor or therapist. See Iowa Code Ann. § 709.15 (West 1993). Iowa law prohibits a counselor or therapist who provides mental health services from engaging in any sexual conduct with a patient or client. See id.

II.

The defendants are appealing the District Court's order denying their motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). We review de novo a district court's denial of a motion to dismiss, viewing the allegations in the complaint in the light most favorable to the plaintiff. See Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996), cert. denied, 117 S. Ct. 1081 (1997). We will reverse the district court if it is clear that no relief could be granted even though the plaintiff could prove facts consistent with the allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Thus, only if there is some "insuperable bar to relief" will we reverse the District Court's denial of the motion to dismiss. See Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

Defendants argue that the District Court should have granted their motion to dismiss based upon the First Amendment, the unconstitutionality of VAWA, and Doe's failure to state a claim. A fundamental rule of judicial restraint requires us to consider nonconstitutional grounds for a decision prior to reaching any constitutional questions.

See Jean v. Nelson, 472 U.S. 846, 854 (1985).  Accordingly, we will first consider whether Doe has stated a claim under VAWA.  We reach the constitutional questions only if we determine Doe has properly stated a claim under the Act.

A.

To state a claim for a civil cause of action under VAWA, a plaintiff must allege that the defendant committed a predicate offense--a crime of violence.  See 42 U.S.C. § 13981(c).  Doe claims her complaint sufficiently alleges Father Hartz's sexual advances violated Iowa Code section 709.15.  We disagree and therefore hold that she has failed to state a VAWA claim.

The Iowa statute in question prohibits "[s]exual exploitation by a counselor or therapist."  Iowa Code Ann. § 709.15.1.f.  A "'[c]ounselor or therapist' means a physician, psychologist . . . member of the clergy, or any other person, whether or not licensed or registered by the state, who provides or purports to provide mental health services."  Id. § 709.15.1.a.  "Mental health service" is defined as "the treatment, assessment, or counseling of another person for a cognitive, behavioral, emotional, mental, or social dysfunction."  Id. § 709.15.1.d.

Doe alleged in her complaint that Father Hartz "served as a counselor to [her]." Appellants' App. at 5 (Complaint).[2]  But even viewing the factual allegations in the light most favorable to Doe, we find she has failed to allege that Father Hartz was Doe's "counselor or therapist" within the meaning of the Iowa statute.  Nothing in the complaint alleges that Doe received "mental health services" from Father Hartz, yet

_____

[2]Doe also asserts that "[a]s a member of the clergy, Defendant Hartz is a 'counselor or therapist' within the meaning of [the] Iowa Code."  Appellants' App. at 5 (Complaint).  This statement does nothing to bolster Doe's complaint, however, because it is merely a legal conclusion.  Doe must allege facts to support her claim. See Oliver v. Resolution Trust Corp., 955 F.2d 583, 585 (8th Cir. 1992).

this is a requisite element of the Iowa Code's definition of "counselor or therapist." Iowa Code Ann. § 709.15.1.a. To adequately plead that she received mental health services, Doe was required to assert factual allegations that she received "treatment, assessment, or counseling" for a "dysfunction." Id. § 709.15.1.d. Doe's complaint contains no factual allegations suggesting that she received services from Father Hartz for any sort of dysfunction. Nor does the complaint allege that she was receiving the requisite services from Father Hartz at any time proximate to his alleged sexual advances.[3] Doe has not stated a claim under VAWA because she has failed to plead a violation of the Iowa statute, the predicate offense upon which she relies.

B.

Even if we assume arguendo that Doe has stated a claim under the Iowa statute, violation of that statute in the manner Doe has alleged does not constitute a felony, which is required under VAWA. To state a civil claim under the Act, a plaintiff must allege that a person committed a "crime of violence." 42 U.S.C. § 13981(c). VAWA defines a "crime of violence" as "an act or series of acts that would constitute a felony against the person . . . and that would come within the meaning of State or Federal offenses described in section 16 of Title 18." Id. § 13981(d)(2)(A).

1. An act that would constitute a felony

The alleged sexual advances that Doe claims occurred would not constitute a felony. Doe reminds us that VAWA does not indicate whether the requisite "felony" should be determined according to state or federal law. Doe contends that "felony"

---

[3]A violation of the Iowa statute requires that the sexual conduct occur either during the time at which the patient is emotionally dependent, see Iowa Code Ann. § 709.15.1.f.(2), or within one year after the termination of the mental health services. Id. § 709.15.1.f.(3).

under VAWA is satisfied when the act constitutes a felony under either. Without deciding whether Doe's contention is correct, we conclude that the alleged sexual conduct constitutes a felony under neither Iowa nor federal law.

Under the Iowa statute, a "pattern or practice or scheme of conduct" to engage in any sexual conduct with a patient or client is a class "D" felony. See Iowa Code Ann. §§ 709.15.1.f.(1), 709.15.2. Sexual conduct with a patient or client that is not part of a pattern, practice, or scheme is an aggravated misdemeanor under the Iowa code. See id. § 709.15.3. We believe the Iowa Supreme Court would hold that the two instances of sexual conduct alleged in the complaint, which happened on the same day and within about an hour of each other, do not constitute a pattern, practice, or scheme of conduct within the meaning of section 709.15. Therefore, even accepting Doe's allegations, the most serious violation Father Hartz allegedly committed under state law is an aggravated misdemeanor.

Doe argues that even an aggravated misdemeanor under Iowa law constitutes a felony under federal law. Under Iowa law, the maximum penalty for an aggravated misdemeanor is two years. See Iowa Code Ann. § 903.1.2 (West 1994 & Supp. 1997). Under federal law, a federal offense is a felony if it is punishable by more than one year in prison. See 18 U.S.C. § 3559(a)(5) (1994). Doe argues that "[b]ecause the terms of punishment may exceed one year, the predicate offense, although an aggravated misdemeanor under Iowa law, is a 'felony' under the federal construction." Appellees' Br. at 18. This argument fails, however, because the allegations made against Father Hartz would not violate federal criminal law and therefore could not be punishable as a felony under federal law.

Doe relies upon United States v. Haggerty, 85 F.3d 403, 406 (8th Cir. 1996), wherein we concluded that for purposes of sentencing upon a federal conviction, a prior state drug conviction could be considered a felony. In Haggerty, we found that Haggerty's prior state drug conviction was a felony for federal sentencing purposes

because the maximum term of imprisonment available under state law for the offense exceeded one year.  See id.  But the illegal conduct for which he was convicted in state court was also a crime under a federal criminal statute, the Controlled Substances Act, and thus actually could have been punished under federal law.  We rightly borrowed the federal classification of a felony in Haggerty because the illegal conduct, for which Haggerty happened to be convicted in state court, also constituted a violation of federal criminal law.  In the case at hand, however, we cannot simply borrow the federal classification of a felony and apply it to conduct that could not constitute a crime under federal law.

Furthermore, in United States v. Briones-Mata, 116 F.3d 308, 309 (8th Cir. 1997), we specifically looked to the state law's classification of an offense to determine whether the illegal conduct was a felony for federal sentencing purposes.  We concluded that "a state drug offense can be an aggravated felony if the offense is classified as a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law."[4]  Id. (quotations omitted).  In our case, Iowa classifies the alleged conduct as an aggravated misdemeanor.  Looking to Iowa's classification, we determine that Father Hartz's alleged conduct does not constitute a felony under federal law.

We find that the alleged sexual conduct would not constitute a felony under either federal or state law.  As a result,  the conduct is not a "crime of violence" under VAWA's definition because the first required element, that the crime be a felony, is not satisfied.

2. An act that would come within the meaning of 18 U.S.C. § 16

_____

[4]Similar to the facts in Haggerty, the illegal conduct for which Briones-Mata was convicted in state court was also a crime under federal law, the Controlled Substances Act.

The alleged sexual exploitation that Doe claims occurred would not come within the meaning of the offenses described in 18 U.S.C. § 16 (1994), which is the second required element of § 13981(d)(2)(A). Section 16 defines a "crime of violence" in relevant part as an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). We determined above that Father Hartz's alleged conduct is not a felony under either state or federal law. Necessarily, the conduct also fails to satisfy this definition, which requires that the predicate offense be a felony. Therefore, we need not discuss the second part of the definition, which requires that the alleged conduct involve a substantial risk that physical force may be used.

## C.

We need not and do not address the defendants' constitutional claims. Because Doe has failed to state a claim under VAWA, subject-matter jurisdiction is lacking. The order of the District Court denying defendants' motion to dismiss is reversed insofar as it finds that Doe has stated a VAWA claim and is vacated in all other respects. The case is remanded with directions that the complaint be dismissed. The dismissal shall be without prejudice to Doe's right to assert her state law claims in state court.

FAGG, Circuit Judge, dissenting.

Because my colleagues use the lack of details inherent in notice pleading prematurely to dismiss Doe's complaint, I dissent. Under the liberal standards of notice pleading, Doe need not plead particular supporting facts as the majority demands, but need only give "a short and plain statement of the claim showing [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2). See Conley v. Gibson, 355 U.S. 41, 47 (1957); In re Nationsmart Corp. Sec. Litig., 130 F.3d 309, 315 (8th Cir. 1997).

To show she is entitled to relief on her VAWA claim, Doe must allege Father Hartz committed a gender-motivated felony that involved an element of physical force or substantial risk of physical force being used against her. See 42 U.S.C. § 13981(c), (d)(2)(A); 18 U.S.C. § 16; Brzonkala v. Virginia Polytechnic Inst. & State Univ., No. 96-1814, 1997 WL 785529, at *13 (4th Cir. Dec. 23, 1997). I believe Doe has alleged enough to support a finding that Father Hartz's conduct constituted this type of felony under Iowa law. See Crisonino v. New York City Housing Auth., No. 96 CIV. 9742 HB, 1997 WL 726013, at *6 (S.D.N.Y. Nov. 18, 1997) (state felony may serve as basis for § 13981(c) VAWA claim). The Iowa Code prohibits a counselor or therapist from engaging in "[a]ny sexual conduct, with an emotionally dependent patient or client . . . for the purpose of arousing or satisfying the sexual desires of the counselor or therapist . . . includ[ing] . . . kissing" or touching certain clothed or unclothed areas of the body. Iowa Code § 709.15.1(f)(2) (1997). A person who engages in a "pattern or practice or scheme of conduct to engage in [the prohibited] conduct" is guilty of a felony. Id. § 709.15.1(f)(1).

Contrary to the majority's view, Doe alleges the necessary counseling relationship, use or threatened use of physical force, and scheme of sexually abusive conduct. In her complaint, Doe alleges Father Hartz is a member of the clergy, she "was emotionally dependent upon [him] as her counselor and priest," and he was "a 'counselor or therapist' within the meaning of Iowa Code § 709.15.1(a)." Doe asserts Father Hartz twice "fondled and [once] kissed [her] for the purpose of arousing and/or satisfying his sexual desires," and Father Hartz's acts "constitute a pattern, practice, or scheme of conduct . . . to engage in sexual conduct with an emotionally dependent patient or client within the meaning of Iowa Code § 709.15.1(f)(1)." In addition to Father Hartz's assaults on Doe, Doe asserts church officials told her Father Hartz had made sexual advances on another woman, had been professionally evaluated before because of sexual advances on other people in other communities, and had been accused of fondling a young girl in the church's school.

-10-

Viewing Doe's allegations in her favor, and giving her the benefit of simplified notice pleading standards, I conclude Doe has sufficiently stated a VAWA claim. Unlike the majority, I do not doubt the Iowa Supreme Court would view the allegations as stating a violation of Iowa Code §§ 709.15.1(f)(1)-(2). Indeed, in examining the statute, the Iowa Supreme Court has "emphasized that persons acting in professional roles 'have a disproportionate influence on those they serve' and thus have a responsibility to scrupulously observe the bounds of propriety." State v. Allen, 565 N.W.2d 333, 337 n.2 (Iowa 1997) (quoted case omitted). Although Doe's case may falter after discovery or other pretrial procedures, the allegations in her complaint are sufficient to withstand dismissal now. The allegations do not show some insurmountable bar to relief on the complaint's face, as required for dismissal at this stage, and surely give the defendants fair notice of the claim's basis, see Conley, 355 U.S. at 48. Thus, I would affirm the district court's denial of the motion to dismiss and consider the constitutional questions presented. See Brzonkala, 1997 WL 785529, at *15-25 (holding Congress acted within its Commerce Clause authority in enacting VAWA).

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-