# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1073

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Robert Todd Carlson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2000

Filed: July 10, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

FAGG, Circuit Judge.

A grand jury indicted Robert Todd Carlson on one count of robbing a bank in violation of 18 U.S.C. § 2113(a) (1994) and one count of using or carrying a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A) (Supp. IV 1998). Carlson pleaded guilty to both counts. The district court sentenced Carlson to thirty-three months on the robbery count, and, after finding Carlson brandished the gun during the robbery, gave him a seven year consecutive sentence on the § 924(c)(1)(A) count. On appeal, Carlson contends the district court improperly sentenced him to a seven year consecutive term under § 924(c)(1)(A)(ii), because brandishing is an element of the §

924(c)(1)(A) offense that had to be, but was not, charged in the indictment. The Government, on the other hand, argues brandishing is merely a sentencing factor that did not have to be included in the indictment.

Section 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . – (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

In deciding whether § 924(c)(1)(A) defines a single crime with a choice of sentencing penalties based on the presence or absence of various facts or whether it sets out multiple distinct criminal offenses, we consider the statute's plain language, structure, and legislative history. See Castillo v. United States, No. 99-658, 2000 WL 712805, at *3 (U.S. June 5, 2000) (interpreting earlier version of § 924(c)(1)); Jones v. United States, 526 U.S. 227, 232-39 (1999) (interpreting federal carjacking statute); United States v. Haggerty, 85 F.3d 403, 405 (8th Cir. 1996) (interpreting federal deported alien reentry statute).

As an initial matter, both § 924(c)(1)(A)'s plain language and structure show Congress intended brandishing to be a sentencing factor and not an element of the § 924(c)(1)(A) offense. The first clause of § 924(c)(1)(A), standing alone, defines the offense of using or carrying a firearm during a crime of violence while subsections (i), (ii), and (iii) do "no more than single out subsets of those persons [who carry or use firearms during crimes of violence] for more severe punishment," Haggerty, 85 F.3d

at 405; accord Jones, 526 U.S. at 232-34, and, in fact, "neither alter[] the maximum penalty for the crime committed nor create[] a separate offense calling for a separate penalty [but] operate[] solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it," McMillan v. Pennsylvania, 477 U.S. 79, 87-88 (1986) (statute with this net effect defined single offense with multiple sentencing enhancements); cf. Apprendi v. New Jersey, No. 99-478, 2000 WL 807189, *13 (U.S. June 26, 2000) ("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Additionally, subsections (i), (ii), and (iii) contain "many of the common indicia of sentenc[ing] provisions." Haggerty, 85 F.3d at 405. First, the subsections' language plainly identifies them as sentencing provisions. See Jones, 526 U.S. at 232-34; United States v. Grimaldo, No. 99-1517, 2000 WL 709498, at *4 (8th Cir. June 2, 2000); Haggerty, 85 F.3d at 405. Second, the subsections address "special features of the manner in which [the] basic crime was carried out (e.g., that the defendant . . . brandished a gun)" – features which the United States Supreme Court recently identified as traditional sentencing factors. Castillo, 2000 WL 712805, at *4; accord Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998) (construing statute as defining single crime with sentencing enhancements in part because "sentencing factor at issue . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); cf. Castillo, 2000 WL 712805, at *4 (holding earlier version of § 924(c)(1) defined separate criminal offenses based on type of firearm used, in part, because "we cannot say that courts have typically or traditionally used firearm types (such as 'shotgun' or 'machinegun') as sentencing factors, at least not in respect to an underlying 'use or carry' crime"). Third, the subsections are separated from the offense clause of the statute by the word "shall" – a frequent separator of offense-defining clauses from sentencing provisions. See Jones, 526 U.S. at 234; see also Castillo, 2000 WL 712805, at *3 (statute structure that places elements of crime in single sentence followed by subsections referring directly to sentencing issues signals that "the basic job of the entire first sentence is the definition of crimes and the role of the remaining three is the description of factors . . . that

ordinarily pertain only to sentencing").  Fourth, the title of § 924(c) indicates it is a penalty provision.  See Almendarez-Torres, 523 U.S. at 234 ("title that contains the word 'penalties' more often . . . signals a provision that deals with penalties for a substantive crime"); Grimaldo, 2000 WL 709498, at *4 (same); Haggerty, 85 F.3d at 405 (same).

The conclusions to be drawn from these plain language and structural considerations are reinforced by § 924(c)(1)(A)'s legislative history, see Castillo, 2000 WL 712805, at *6 (considering statute's legislative history); Almendarez-Torres, 523 U.S. at 234 (same), in which Congress consistently referred to subsections (i), (ii), and (iii) as penalty enhancements rather than new, separate criminal offenses.  See, e.g., H.R. Rep. No. 105-344, pt. 1, at 2 ("increased mandatory penalty for any person who possesses, brandishes or discharges a firearm during and in relation to the commission of a federal crime of violence"); id. at 6 ("graded penalty structure for possessing, brandishing or discharging a firearm"); 144 Cong. Rec. H530-02, H531 (statement of Rep. McCollum) ("structure . . . allows a penalty enhancement for 'possessing, brandishing or discharging' a firearm"); 144 Cong. Rec. H530-02, H532 (statement of Rep. Waters) ("[t]his is about mandatory minimum sentencing").

In support of his position, Carlson also argues that brandishing should have been included in the indictment based on the United States Supreme Court's recent decision in Jones v. United States, 526 U.S. 227 (1999).  In Jones, the Court examined the federal carjacking statute, which provided for increased maximum sentences if serious bodily injury or death occurred during a carjacking.  Based on the plain language, structure, and legislative history of the statute, the Court decided the statute could be fairly interpreted as defining either three separate offenses or one offense with a choice of three maximum penalties and so construed the statute to define separate offenses. See Jones, 526 U.S. at 229-40.

According to Carlson, <u>Jones</u> stands for the proposition that "'any fact' which increases a penalty must be alleged in the indictment." (Appellant's Br. at 12.) We do not believe the Court in <u>Jones</u> painted with so broad a brush. First, while the Court did state that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment," <u>Jones</u>, 526 U.S. at 243 n.6, brandishing does not increase the maximum possible penalty for a § 924(c)(1)(A) violation but only increases the mandatory minimum penalty – a distinction with a difference because the Court has held that a statute which provides for increased mandatory minimum penalties based on the presence of certain facts defines one crime with sentencing enhancements rather than multiple distinct offenses. <u>See</u> <u>McMillan</u>, 477 U.S. at 87-88 ("claim that [sentencing enhancement factor] . . . is 'really' an element of the offenses for which [defendants] are being punished . . . would have at least more superficial appeal if a finding of [that factor] exposed them to greater or additional punishment . . ., but it does not"); <u>Jones</u>, 526 U.S. at 242 (discussing and distinguishing statute in <u>McMillan</u> from federal carjacking statute); <u>cf.</u> <u>Apprendi</u>, 2000 WL 807189, at *15 ("When a judge's finding based on a mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as 'a tail which wags the dog of the substantive offense.'"). Second, the Court in <u>Jones</u> carefully limited its holding to the analysis of the federal carjacking statute at issue, stating, "[O]ur decision today does not announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." <u>Jones</u>, 526 U.S. at 251 n.11; <u>accord</u> <u>Grimaldo</u>, 2000 WL 709498, at *4. Thus, contrary to Carlson's view, <u>Jones</u> must be construed as narrowly limited to its facts. <u>See</u> <u>Grimaldo</u>, 2000 WL 709498, at *4-6; <u>United States v. Hardin</u>, 209 F.3d 652, 658-59 (7th Cir. 2000); <u>United States v. Thomas</u>, 204 F.3d 381, 383-84 (2d Cir.), <u>petition for cert. filed</u>, (U.S. Mar. 24, 2000) (No. 99-8779).

Applying the teachings of <u>Castillo</u>, <u>Jones</u>, <u>McMillan</u>, and their progeny, we conclude § 924(c)(1)(A) defines a single criminal offense for using or carrying a firearm

during a violent crime, with sentencing implications if the firearm is brandished. See Castillo, 2000 WL 712805, at *3-4; Jones, 526 U.S. at 232-39; McMillan, 477 U.S. at 87-88. Because § 924(c)(1)(A)(ii) is a sentencing enhancement provision, the indictment did not need to charge that Carlson brandished his weapon and the district court properly sentenced Carlson to a seven year consecutive term.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.