[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-15058

_____

D. C. Docket No. 99-00209-CR-2-1-JOF

UNITED STATES OF AMERICA ,

Plaintiff-Appellee,

versus

NEBRUM POUNDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 20, 2000)**

Before COX, BLACK and FAY, Circuit Judges.

PER CURIAM:

Nebrum Pounds appeals his sentence for aiding and abetting in the robbery of a fast food restaurant, in violation of 18 U.S.C. §§ 1951 and 2, and using and carrying a firearm in the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. Pounds was sentenced to 33 months for violating 18 U.S.C. §§ 1951 and 2, and to 120 months of imprisonment for violating 18 U.S.C. §§ 924(c) and 2. He argues that the district court erred by applying 18 U.S.C. § 924(c)(1)(A)(iii) as a sentencing enhancement rather than as an element of the offense that must be included in the indictment and decided by a jury. For the reasons set forth below, we affirm the district court's sentence.

On March 17, 1999, Pounds and a co-defendant robbed a Checkers fast food restaurant in Atlanta, Georgia. During the course of the robbery, Pounds' co-defendant fired at least three shots at a Checkers employee and an officer in pursuit. On August 2, 1999, Pounds pled guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2, and a second count for the use of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.

Pounds was sentenced to 33 months imprisonment on the first count and 120 months on the second. On the second count, instead of sentencing Pounds under subsection (i) of 18 U.S.C. § 924(c)(1)(A), which requires a sentence of not less than

2

five years if a firearm is used in the commission of the offense, the district court sentenced Pounds under 18 U.S.C. § 924(c)(1)(A)(iii), which requires a sentence of not less than ten years if a firearm is discharged during the offense.  The district court concluded over Pounds' objection that the discharge of a firearm under 18 U.S.C. § 924(c)(1)(A)(iii) was a sentence enhancement factor rather than an element of the offense, and that the court could therefore sentence Pounds to ten years under that provision even though the fact of the discharge of the firearm was not included in the indictment, nor submitted to the jury.  Pounds argues that discharging a firearm under 18 U.S.C. § 924(c)(1)(A)(iii) is a separate element of the offense which requires a jury determination and must be included in the indictment to which the plea is made.  We disagree.

Section 924(c)(1)(A) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence. . . uses or carries a firearm. . . shall, in addition to the punishment provided for such crime of violence. . .

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

We believe that the language and structure of § 924(c)(1)(A) demonstrate that Congress intended the fact of the discharge of a firearm during a crime of violence to be a sentencing factor and not an element of the § 924(c)(1)(A) offense. "The first clause of § 924(c)(1)(A), standing alone, defines the offense of using or carrying a firearm during a crime of violence while subsections (i), (ii) and (iii) do 'no more than single out subsets of those persons [who carry or use firearms during crimes of violence] for more severe punishment. . . .'" United States v. Carlson, 217 F.3d 986, 987 (8th Cir. 2000)(concluding that the language, structure, and legislative history behind § 924(c)(1)(A) indicate Congress' intent that brandishing a firearm under § 924(c)(1)(A)(ii) be considered a sentencing factor rather than an element of the offense)(citations omitted). Accordingly, we hold that § 924(c)(1)(A) defines a single criminal offense for using or carrying a firearm during a crime of violence, while subsection (iii) describes the sentencing implications if a firearm is discharged during the commission of the crime. Id. at 989.

This result is unchanged by the Supreme Court's recent decision in Apprendi v. New Jersey, --U.S.--, 120 S. Ct. 2348 (2000). Apprendi held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt. See id. at 2362-63. Nevertheless, Apprendi is inapplicable under the present

facts because every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under. The discharge of a firearm does not increase the maximum possible penalty of life under § 924(c)(1)(A); rather, it increases only the mandatory minimum penalty. See Carlson, 217 F.3d at 989 (stating that the Supreme Court has indicated that statutes which provide for increased mandatory minimum penalties based on the presence of certain facts define one crime with sentencing enhancements, rather than multiple distinct offenses)(citing McMillan v. Pennsylvania, 477 U.S. 79, 87-88, 106 S. Ct. 2411, 2417 (1986)).[1]

Because the discharge of a weapon under § 924(c)(1)(A)(iii) is a sentencing factor rather than an element of the offense and because § 924(c)(1)(A)(iii) does not increase the maximum statutory penalty for "using and carrying" a firearm in relation to a crime of violence, we conclude that the sentence imposed on Pounds by the district court is correct.

**AFFIRMED**

---

[1]The Supreme Court expressly stated in Apprendi that it did not overrule its prior decision in McMillan, but instead limited McMillan's holding to cases that did not involve the imposition of sentences more severe than the statutory maximum for the offense established by the jury's verdict. See Apprendi, 120 S. Ct. at 2361, n. 13.