# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3344SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Southern District |
| v. | * | of Iowa. |
| | * | |
| Demarcis L. March, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 4, 2001

Filed: September 20, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury found Demarcis March guilty of conspiring to distribute cocaine base and possessing cocaine base with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of using and carrying a firearm during and in relation to the drug crimes, in violation of 18 U.S.C. § 924(c). After denying March's motion for a new trial, the District Court[1] sentenced him to concurrent terms of twenty years (240

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

months) imprisonment on the drug offenses, and to a consecutive ten-year (120 months) term of imprisonment on the firearm offense, upon finding that March had discharged the gun during an incident related to the drug crimes. March appeals, and we affirm.

March was arrested on January 6, 1999, when law enforcement officials executed a search warrant at a Davenport apartment rented by two of his cousins. Police found crack cocaine in a bedroom closet where March had been hiding, a cell phone and pager in March's pocket, and, elsewhere in the apartment, a firearm and ammunition, baggies, and a knife and razor blade with cocaine residue. Seven cooperating witnesses who entered guilty pleas and testified in exchange for leniency testified that March furnished them with resale quantities of crack. In particular, Marqueis Lewis testified that he had sold between seven and eight kilograms of crack cocaine for March, and that he and March routinely carried guns for protection. Edwin Goodwin testified that he had seen March fire shots from his car at Ivan Clark to retaliate against Clark for stealing drugs, and Clark provided corroborating testimony. Another cooperating witness testified that he had introduced March to a supplier who lived in Chicago, and that he and March had traveled to Chicago at least five times, returning with at least one kilogram of crack cocaine each time. The government also offered police testimony about the shooting incident, and ballistics evidence, which, according to the government's expert, showed that the bullets recovered from the scene came from a firearm found in the Davenport apartment where March was arrested. According to Lewis, the firearm belonged to March.

In keeping with an in limine ruling, the witnesses did not refer to "gangs," with two exceptions: (1) police officer William Hurt testified that he was currently assigned to a "gang unit," subsequently clarifying that he had been assigned to the "vice unit" in January 1999; and (2) cooperating witness Marvin McDowell characterized one of his prior convictions as "gang participation." In addition, during voir dire (which was not transcribed), the government apparently introduced its case agent as a member of a "gang" task force unit.

On appeal, March's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the denial of March's motion for a new trial based on references to "gangs" in violation of the in limine ruling, and the finding at sentencing that March had discharged a firearm. In his pro se supplemental pleadings March contends: (1) an in-chambers meeting, during which Officer Hurt was questioned as to why he had violated the in limine ruling, and during which March was not present, violated March's right to be present at every critical stage of his trial; (2) his drug and firearm sentences violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Castillo v. United States, 530 U.S. 120 (2000); (3) the government's practice of housing witnesses together allowed them to "get their stories straight," and they unlawfully accepted something of value in exchange for their testimony; (4) an aggravating-role enhancement was clearly erroneous; (5) several witnesses impermissibly testified about uncharged criminal acts, in violation of Federal Rule of Evidence 404(b); (6) the government failed to prove that the cocaine base was crack, and impermissibly vouched for witnesses during closing argument; and (7) his counsel was ineffective.

Having reviewed the record, we find sufficient evidence to sustain March's convictions. We also conclude that the District Court did not abuse its discretion in denying March's request for a new trial upon finding that the isolated "gang" references did not prejudice him, see United States v. Beeks, 224 F.3d 741, 745-48 (8th Cir. 2000) (standard of review; factors determining whether misconduct warranted mistrial); and the Court did not clearly err in finding that March discharged a firearm while carrying it in connection with the charged drug offenses.

Turning to March's pro se arguments, we reject his contention that he was denied his right to be present during a critical stage when the District Court inquired in chambers as to whether Officer Hurt had been properly instructed to abide by the in limine ruling. Cf. Fed. R. Crim. P. 43(c)(3) (defendant's presence not required "when the proceeding involves only a conference or hearing upon a question of law"). March

was sentenced within the statutory maximum for his drug crimes without reference to drug quantity, so there was no <u>Apprendi</u> violation.  See 21 U.S.C. § 841(b)(1)(C); <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 933-34 (8th Cir.), <u>cert. denied</u>, 531 U.S. 1026 (2000).  The District Court also considered and correctly applied controlling precedent in concluding that an enhancement under 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm during and in relation to a drug-trafficking crime, even though "discharging" was not alleged in the indictment and decided by the jury, remained permissible after <u>Castillo</u>.  See <u>United States v. Carlson</u>, 217 F.3d 986, 987-989 (8th Cir. 2000) (distinguishing <u>Castillo</u> and holding that § 924(c)(1)(A)(i)-(iii) involves single criminal offense with sentencing enhancement provisions, instead of multiple distinct offenses), <u>cert. denied</u>, 121 S. Ct. 822 (2001).

As to March's other arguments, he is incorrect in asserting that the government, by entering into plea agreements, bribed its witnesses within the meaning of 18 U.S.C. § 201(c)(3), and his contention, raised for the first time on appeal, that the government encouraged its witnesses to lie by housing them together is frivolous.  Further, the aggravated-role enhancement did not affect March's sentence and thus need not be considered.

As to the testimony about uncharged acts, March's counsel did not object, and we find no plain error.  The acts were probative of March's knowledge and intent and were similar in kind and close in time to the crimes charged.  See Fed. R. Evid. 404(b); <u>United States v. Franklin</u>, 250 F.3d 653, 658 (8th Cir. 2001).  Also, the government offered evidence, through cooperating witnesses, that the cocaine base was crack cocaine, see <u>United States v. Brown</u>, 156 F.3d 813, 816 (8th Cir. 1998) (noting individuals who regularly sell crack are among most knowledgeable experts on it), and defense counsel declined a curative instruction after the government arguably vouched for witnesses during closing argument.  Finally, March's other arguments concerning counsel's ineffectiveness would be more properly raised in a 28 U.S.C. § 2255 motion.  See <u>United States v. Jennings</u>, 12 F.3d 836, 840 (8th Cir. 1994).

Having reviewed the case under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we affirm the judgment of the District Court.

We deny counsel's motion to withdraw.  The <u>Apprendi</u> argument as to Count III is not frivolous.  March's motion for new counsel is also denied.

Affirmed.

A true copy.

      Attest:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.