F I L E D
United States Court of Appeals
Tenth Circuit

DEC 5 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

MIGUEL VALENZUELA-
ESCALANTE,

  Defendant-Appellant.

No. 96-4147

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 96-CR-116)

---

Edwin Stanton Wall of Wall & Constantino, Salt Lake City, Utah, for Defendant-Appellant.

Stewart C. Walz, Assistant U.S. Attorney (Scott M. Matheson, Jr., United States Attorney, and Laurie J. Sartorio, Assistant U.S. Attorney, on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **KELLY, HOLLOWAY** and **HENRY,** Circuit Judges.

---

**HOLLOWAY,** Circuit Judge.

---

Defendant-Appellant, Miguel Valenzuela-Escalante, was convicted in the United States District Court for the District of Utah on a conditional plea of guilty of unlawfully and knowingly being present in the United States following a conviction and deportation for the commission of an aggravated felony. He was sentenced to the custody of the Bureau of Prisons, and this appeal was timely filed. He contends on appeal that (1) his prior state conviction of possession of a controlled substance was not an "aggravated felony" within the meaning of 8 U.S.C. § 1326(b)(2), as the term "Aggravated Felony" is defined in 8 U.S.C. § 1101(a)(43), and (2) the government was required to prove, as a basis for the substantive charge of aggravated reentry in violation of 8 U.S.C. § 1326, the elements of a prior conviction for an aggravated felony and subsequent deportation. Brief of Defendant-Appellant at 7, 14. We have jurisdiction by virtue of 28 U.S.C. § 1291, and affirm.

**I**

The following facts are undisputed and they appear in the instruments cited below:

In May of 1992 defendant-appellant was arrested in Salt Lake City, Utah for unlawful distribution of a controlled substance. Presentence Report (PR) at ¶ 25. In June of 1992 in the Third Judicial District Court in and for Salt Lake County, he pled guilty to the lesser included state charge of possession of a controlled substance, a third-degree felony. Id.; U.C.A. § 58-37-8. He was subsequently deported in October of 1992 as a result of this conviction. PR at ¶ 2.

In March of 1996 Valenzuela-Escalante was arrested by the Salt Lake City police arising out of his suspected involvement in a homicide. PR at ¶ 5. Following dismissal of the homicide charge, he was released to the custody of the Immigration and Naturalization Service (INS). Id. The INS investigators learned that he had been deported on two prior occasions from the United States and that he was in the United States illegally. Id. at ¶ 6.

In June of 1996, Valenzuela-Escalante was named in a one-count indictment alleging reentry of a deported alien subsequent to a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326, and that he had been found on or about May 16, 1996, in the Central Division of the District of Utah. Indictment, Record on Appeal, Item 4. The June 1992 state court conviction for possession of a controlled substance (cocaine) served as the underlying aggravated felony. PR at ¶ 6; Brief of Defendant-Appellant at 5. On August 22, 1996, Valenzuela-Escalante entered into a conditional plea of guilty pursuant to Fed. R. Crim. P. 11(a)(2). Under that agreement it was agreed, inter alia, that the defendant-appellant reserved the right to appeal an adverse pretrial determination on proof of an aggravated felony and his motion to dismiss for lack of probable cause. Record on Appeal, Item 32 at 4. On September 28, 1996, he was sentenced to fifty-seven months' imprisonment under § 1326(b)(2). Judgment of Conviction, Record on Appeal, Item 35 at 2.

**II**

Valenzuela-Escalante first argues that his June 1992 state conviction in Utah for possession of a controlled substance is not an aggravated felony within the meaning of

3

8 U.S.C. § 1326(b)(2), as the term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43).[1]

We review *de novo* the district court's interpretation of a criminal statute. United States v. Romero, 122 F.3d 1334, 1337 (10th Cir.1997).

As used in § 1326(b)(2), the term "aggravated felony" is defined as meaning, inter alia, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C.

---

[1]Section 1326 provides, in pertinent part:

(a) Subject to subsection (b) of this section, any alien who --

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal, is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection --

. . . .

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both; . . . .

4

§ 1101(a)(43)(B).[2]  Then 18 U.S.C. § 924(c)(2) provides that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801, et seq.)," inter alia.

In United States v. Cabrera-Sosa, 81 F.3d 998, 1000 & n.2 (10th Cir.), cert. denied, 117 S. Ct. 218 (1996), we held that a defendant's state court conviction for felony possession of a controlled substance is an aggravated felony within the meaning of § 1101(a)(43). Although Cabrera-Sosa appears to put to rest Valenzuela-Escalante's argument that his state court felony conviction for possession of a controlled substance is not an "aggravated felony," he nevertheless contends that Cabrera-Sosa is distinguishable.

Valenzuela-Escalante argues that Cabrera-Sosa is not controlling here because it did not address the 1994 amendment to § 1101(a)(43), which deleted reference to subsection two of § 924(c).  He maintains that this deletion narrowed subsection (a)(43)(B)'s definition of an "aggravated felony," which, he suggests, now requires the involvement of a firearm.  We disagree.

As noted, 8 U.S.C. § 1101(a)(43) was amended in 1994 to delete the reference to subsection (2) of § 924(c).  Prior to the 1994 amendment, § 1101(a)(43) defined "aggravated felony," inter alia, as "any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2)

---

[2] 21 U.S.C. § 802(6) defines "controlled substance" as a "drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter."

of Title 18." Valenzuela-Escalante's reliance on the 1994 amendment is misplaced. First, as Cabrera-Sosa makes clear, a state court felony conviction for possession of a controlled substance was an "aggravated felony" for purposes of 8 U.S.C. § 1101(a)(43), as that section was worded prior to 1994. 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" as any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act. Thus, in order for a drug offense to have come within the definition of "aggravated felony" prior to the 1994 amendment to § 1101(a)(43), it must have been, (1) a felony, and (2) punishable under one of these three federal statutes. Cabrera-Sosa, 81 F.3d at 1000 (citing United States v. Forbes, 16 F.3d 1294, 1301 (1st Cir.1994)).

In the present case, Valenzuela-Escalante's 1992 conviction was for a felony under Utah law,[3] and possession of a controlled substance is certainly punishable under the Controlled Substances Act. 21 U.S.C. § 844(a). Hence the 1992 Utah state conviction meets both criteria under § 924(c)(2) and was therefore an "aggravated felony" under pre-1994 8 U.S.C. § 1101(a)(43). Since Valenzuela-Escalante was earlier convicted in 1992 "of a crime defined at that time as an aggravated felony," Cabrera-Sosa, 81 F.3d at 1000, the district court properly ruled that his 1992 state conviction was an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2).

---

[3]The term "felony" is defined under the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State Law as a felony." 21 U.S.C § 802(13).

Turning to the effect of the 1994 amendment, we do not interpret that amendment to 8 U.S.C. § 1101(a)(43) as limiting the scope of offenses that may be classified as an aggravated felony. We note that since its inception in 1988, the definition of the term "aggravated felony" has been broadened, not restricted. In 1988, the initial definition included "any drug trafficking crime as defined in section 924(c)(2) of Title 18." Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, §7342, 102 Stat. 4181, 4469 (1988). In November of 1990, the definition was amended to include "any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18." Immigration Act of 1990, Pub. L. No. 101-649, § 501(a)(2), 104 Stat. 4978, 5048 (1990). See Cabrera-Sosa, 81 F.3d at 1000 n.2.

In 1994, the definition was again amended, inter alia, to delete reference to subsection (2) of § 924(c). Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 222(a), 108 Stat. 4310, 4320-21 (1994). Moreover, the notes following 8 U.S.C. § 1101 state that the 1994 amendment to § 1101(a)(43) "*expanded* [the] definition and cite list of actions which, for the purposes of this chapter, constitute an 'aggravated felony'." (emphasis added). Further, the congressional intent to broaden § 1101(a)(43)'s definition of an aggravated felony is clearly evinced by § 222 of Pub. L. No. 103-416, which is entitled "Expansion of Definition of Aggravated Felony." See also 140 Cong. Rec. S14479-02, S14543 (1994); 140 Cong. Rec. H11291-01, H11293

7

(1994). Hence, Valenzuela-Escalante's contention that the 1994 amendment restricted the definition of an aggravated felony is unpersuasive.

As discussed previously, the 1994 amendment at issue deleted 8 U.S.C. § 1101(a)(43)'s reference to subsection (2) of § 924(c) and its limiting definitional reference to <u>only</u> 18 U.S.C. § 924(c)(2). After the 1994 amendment to 8 U.S.C. § 1101(a)(43), the definition of "drug trafficking crime" for purposes of the prohibitions on aliens was expanded to include <u>all</u> the subsections of 18 U.S.C. § 924(c) (§ 924(c)(1), (2), and (3)). The term "aggravated felony" thus includes a drug trafficking crime as defined more broadly in § 924(c). Section 924(c)(2) continues to define the term "drug trafficking crime" as any felony punishable under one of the three controlled substances Acts enumerated above. Contrary to Valenzuela-Escalante's argument, the 1994 amendment did not transform § 924(c)'s definition of a "drug trafficking crime" into one that requires the involvement of a firearm. Hence, Valenzuela-Escalante's contention on this point is without merit.

## III

There remains Valenzuela-Escalante's contention that 8 U.S.C. § 1326(b) constitutes a provision of substantive law which requires the government to plead and prove a prior conviction for an aggravated felony to establish the substantive offense charged. We have, however, recently considered and rejected this precise argument, <u>United States v. Valdez,</u>

8

103 F.3d 95 (10th Cir.1996), agreeing with the several other courts of appeals.[4] In Valdez

we held that § 1326(b) "is a sentence enhancement provision rather than a separate criminal

offense." Id. at 98. Therefore it is not required that the prior aggravated felony conviction

be charged in the indictment, nor that the prior aggravated felony conviction be proved at

trial on the substantive charge; it need only be proved in the sentencing proceeding later if

a conviction occurs.

 Accordingly, the conviction and sentence are **AFFIRMED**.

---

[4]See United States v. Haggerty, 85 F.3d 403 (8th Cir.1996); United States v. DeLeon-Rodriguez, 70 F.3d 764 (3d Cir.1995), cert. denied, 116 S. Ct. 1343 (1996); United States v. Palacios-Casquete, 55 F.3d 557 (11th Cir.1995), cert. denied, 116 S. Ct. 927 (1996); United States v. Munoz-Cerna, 47 F.3d 207 (7th Cir.1995); United States v. Cole, 32 F.3d 16 (2d Cir.), cert. denied, 513 U.S. 993 (1994); United States v. Forbes, 16 F.3d 1294 (1st Cir.1994); United States v. Crawford, 18 F.3d 1173 (4th Cir.), cert. denied, 513 U.S. 860 (1994); United States v. Vasquez-Olvera, 999 F.2d 943 (5th Cir.1993); cert. denied, 510 U.S. 1076 (1994). We disagree with the Ninth Circuit's treatment of this issue in United States v. Campos-Martinez, 976 F.2d 589 (9th Cir.1992).