F I L E D
United States Court of Appeals
Tenth Circuit

FEB 9 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

RAUL MIRAMONTES-LAMAS,

　　　　Defendant-Appellant.

No. 97-4130
(D.C. 97-CR-164-C)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

Defendant-Appellant Raul Miramontes-Lamas pled guilty to one count of violating 8 U.S.C. § 1326 by illegally reentering the United States following his deportation. At sentencing, the district court imposed a 16-level enhancement to Mr. Miramontes-Lamas's sentence, finding that his prior conviction in Utah state court for possession of a controlled substance constituted an "aggravated felony" under 8 U.S.C. § 1326(b)(2).

---

[*]　　　　After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Miramontes-Lamas now directly appeals his sentence, arguing that his prior conviction did not meet the definition of an "aggravated felony." We reject Mr. Miramontes-Lamas's argument and affirm his sentence.

In 1994, Mr. Miramontes-Lamas was convicted in Utah state court of possession of heroin. See Rec. vol. II, at 6. This conviction marked Mr. Miramontes-Lamas's third conviction under Utah law for possession of a controlled substance. See id. at 3-6. And under Utah law, if an individual has two prior convictions for possession of a controlled substance, a third possession conviction constitutes "a third degree felony." Utah Code Ann. § 58-37-8(2)(e),

In this appeal, Mr. Miramontes-Lamas contends that the district court misconstrued the meaning of "aggravated felony" under 8 U.S.C. § 1326(b)(2) and, thus, incorrectly ruled that his prior Utah conviction for possession of heroin warranted a 16-level enhancement to his current federal sentence for illegally reentering the country. We review de novo a district court's interpretation of a criminal statute. United States v. Valenzuela-Escalante, 130 F.3d 944, 945 (10th Cir. 1997).

Under 8 U.S.C. § 1101(a)(43)(B), a prior conviction constitutes an "aggravated felony" for sentencing purposes if it qualifies as "a drug trafficking crime (as defined in section 924(c) of Title 18)." 18 U.S.C. § 924(c) explains that "drug trafficking crime" means, in relevant part, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Mr. Miramontes-Lamas's conviction meets both prongs of § 924(c),

2

since (1) it is a felony under Utah law, <u>see</u> Utah Code Ann. § 58-37-8(2)(e)[1]; and (2) it could have been punished under the Controlled Substances Act, <u>see</u> 21 U.S.C. § 844(a). <u>See also</u> <u>United States v. Cabrera-Sosa</u>, 81 F.3d 998, 1000 (10th Cir.), <u>cert. denied</u>, 117 S. Ct. 218 (1996).

Prior to 1994, 8 U.S.C. § 1101(a)(43) defined an "aggravated felony," in relevant part, as "illicit trafficking in a controlled substance . . . , including a drug trafficking crime (as defined in section <u>924(c)(2)</u> of Title 18)" (emphasis supplied). In 1994, Congress amended the definition of "aggravated felony" so as to include "drug trafficking crime[s](as defined by "section <u>924(c)</u> of Title 18)" (emphasis supplied). Section 924(c) covers not only drug trafficking crimes, <u>see</u> § 924(c)(2), but also crimes of violence, <u>see</u> §§ 924(c)(1), (3).

The crux of Mr. Miramontes-Lamas's argument is that, when Congress amended the definition of "aggravated felony," it intended to exclude all drug crimes that did not involve possession of a firearm. However, we recently rejected this identical argument in <u>Valenzuela-Escalante</u>, 130 F.3d at 947. Today, we follow <u>Valenzuela-Escalante</u> and once again rule that, by amending the definition of "aggravated felony," Congress intended to *expand* rather than restrict the number of crimes that qualify as aggravated felonies under Chapter 8 of the United States Code. <u>See</u> <u>id.</u> Accordingly, we hold that Mr. Miramontes-

---

[1]The Controlled Substance Act defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13).

Lamas's conviction for heroin possession constituted an aggravated felony under 8 U.S.C. § 1326(b)(2) despite the fact that this conviction did not involve possession of a firearm.

Citing only Webster's Dictionary as authority, Mr. Miramontes-Lamas also contends that mere possession of narcotics cannot qualify as "drug trafficking," because "trafficking" necessarily involves some element of trade or exchange. Unfortunately for Mr. Miramontes-Lamas, Webster's Dictionary is not controlling authority in this circuit. However, Valenzuela-Escalante is, and in that case we held that possession of a controlled substance alone, even if not for the purpose of distribution or sale, is sufficient to qualify as "drug trafficking" under 18 U.S.C. § 924(c), thus triggering the aggravated felony enhancement under 8 U.S.C. § 1326(b)(2). See 130 F.3d at 945-47.

Thus, we conclude that Mr. Miramontes-Lamas's prior conviction for possession of heroin constituted an "aggravated felony" under 8 U.S.C. § 1326(b)(2), and we AFFIRM his sentence.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

4