**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO VASQUEZ-CARRIZOZA,

    Defendant - Appellant.

No. 97-2291
(D.C. No. CV-97-1022 JC;
CR-96-178 JC)
(United States District Court for the
District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Petitioner appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence he received for illegally reentering the United States in violation of 8 U.S.C. § 1326 (1996). We reverse

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of petitioner's motion and remand for further proceedings.[1]

## DISCUSSION

Petitioner-Appellant Pedro Vasquez-Carrizoza ("Vasquez-Carrizoza") pled guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(a)(1), (a)(2), & (b)(2). The plea agreement provided, "The defendant and the United States agree . . . that the appropriate sentence shall not exceed 48 months imprisonment." Vasquez-Carrizoza was sentenced on December 12, 1996 under Federal Rule of Criminal Procedure 11(e)(1)(C) to forty-eight months imprisonment and three years supervised release. However, the single count indictment only charged him with violating 8 U.S.C. § 1326(a)(1), (a)(2), & (b)(1), not (b)(2). Further complicating matters, the district court entered a judgment of conviction against Vasquez-Carrizoza only for violating 8 U.S.C. § 1326(a)(1) & (a)(2), not (b)(1) or (b)(2). The discrepancies between the plea agreement, indictment, and judgment are important because Vasquez-Carrizoza alleges that he received ineffective assistance of counsel as a result of his attorney's failure to object to the sentence imposed.

---

[1] We hereby grant the United States' Motion For Leave to File Late Response Brief.

The 48-month sentence imposed on Vasquez-Carrizoza reflected an overall offense level of 17 under the United States Sentencing Guidelines (the "Guidelines").  Under § 2L1.2(b)(2) of the Guidelines,[2] the sentencing court

---

[2]  Section 2L1.2 of the Guidelines, entitled "Unlawfully Entering or Remaining in the United States," provides for a base offense level of 8. Subsection (b)(2) of § 2L1.2 provided, "If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels."  Application Note 7 to § 2L1.2 provided in relevant part:

> "Aggravated felony," as used in subsection (b)(2), means . . . any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including any drug trafficking crime as defined in 18 U.S.C. § 924(c) . . . . The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law.

In 1997, § 2L1.2 was amended by deleting subsection (b)(2) and replacing it with a new subsection (b)(1)(A).  See Guidelines, Appendix C, Amendment 563 (1998).  The new provision still requires a 16-level increase for an alien who illegally enters the United States following his conviction and deportation for an aggravated felony.  Application Note 7 to § 2L1.2 also was deleted and two new application notes dealing with aggravated felonies were added.  Application Note 1 to § 2L1.2 now provides, "Aggravated felony is defined at 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony."  Application Note 5 to § 2L1.2 now provides:

> Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely.  If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

8 U.S.C. § 1101(a)(43) provides in relevant part:

> The term "aggravated felony" means--
> * * * *
> (B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)

(continued...)

increased Vasquez-Carrizoza's offense level to 24 from a base level of 8 because Vasquez-Carrizoza had reentered the country after being deported following an aggravated felony--Vasquez-Carrizoza had pled guilty to possession with intent to distribute marijuana in New Mexico state court on November 23, 1994. The sentencing court then reduced the offense level to 17 after making a 3-level downward adjustment for acceptance of responsibility and a 4-level downward adjustment for agreement to deportation. Although Vasquez-Carrizoza was sentenced to 48 months imprisonment, the maximum penalty for violating 8 U.S.C. § 1326(a)(1) and (a)(2), the offense for which judgment was entered against Vasquez-Carrizoza, is two years imprisonment. Vasquez-Carrizoza did not file a direct appeal of his criminal conviction or sentence.

On August 4, 1997, Vasquez-Carrizoza filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court for the District of New Mexico. Vasquez-Carrizoza argued that the district court improperly sentenced him under § 2L1.2(b)(2). In addition, Vasquez-Carrizoza noted that his prison sentence of 48 months exceeds the statutory maximum sentence of two years imprisonment allowed under 8 U.S.C. § 1326(a)(1) & (2).

_____

[2](...continued)
* * * *
The term applies to an offense described in this paragraph whether in violation of Federal or State law.

Vasquez-Carrizoza claimed that his defense counsel should have contested the sentence and that his attorney's failure to raise the sentencing issue in the criminal proceedings before the district court or to appeal the conviction and sentence constituted ineffective assistance of counsel.[3] The district court denied Vasquez-Carrizoza's § 2255 motion on August 20, 1997, and denied a certificate of appealability on September 16, 1997, after Vasquez-Carrizoza filed a timely notice of appeal. Because Vasquez-Carrizoza filed his § 2255 motion after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 applies and we must issue a certificate of appealability in order to consider this appeal. See 28 U.S.C.A. § 2253(c)(2) (West Supp. 1997); see also Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). In an Order dated February 10, 1998, we issued a certificate of appealability to determine whether Vasquez-Carrizoza received ineffective assistance of counsel because his counsel did not object either at sentencing or on appeal to the sentence imposed, because the sentence exceeded

---

[3] Because Vasquez-Carrizoza's claim that he received an improper sentence was not raised on appeal, he is procedurally barred from bringing the claim in a § 2255 motion unless "he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). However, Vasquez-Carrizoza also claims that his failure to raise the sentencing issue on direct appeal resulted from ineffective assistance of counsel. Because ineffective assistance of counsel may constitute cause, we may consider the sentencing issues raised by Vasquez-Carrizoza in the context of his ineffective assistance of counsel claim.

the maximum sentence statutorily allowable for the offense described in the judgment of conviction, and because the offense to which he pled guilty was not the same as the indictment or the judgment of conviction, recognizing that the sentence imposed matched the sentence agreed to by Vasquez-Carrizoza's guilty plea. We now address the issues raised in the February 10th Order.[4]

8 U.S.C. § 1326(a) makes illegal the reentry of aliens who do not obtain the prior consent of the Attorney General and who have been arrested and deported or excluded and deported or who have departed the United States while an order of exclusion or deportation is outstanding. The maximum term of imprisonment for violating § 1326(a) is two years. In contrast, 8 U.S.C. § 1326(b) increases the punishment for the reentry of aliens:

> (1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or

---

[4] Vasquez-Carrizoza's § 2255 motion also contended that his prior state court conviction for drug trafficking did not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2) because it resulted in a sentence of less than five years imprisonment and that his attorney's failure to advise him of that fact before entering his guilty plea resulted in ineffective assistance of counsel. We did not issue a certificate of appealability on this issue in our February 10th Order. We find Vasquez-Carrizoza's arguments on this point to be without merit, regardless of whether we apply the old or the new § 2L1.2 of the Guidelines (see discussion, supra, note 2), and deny a certificate of appealability on this issue. See United States v. Andrino-Carillo, 63 F.3d 922, 924-25 (9th Cir. 1995), cert. denied, 516 U.S. 1064 (1996) ("aggravated felony" under § 1326(b)(2) includes felony drug trafficking offenses that do not result in a term of imprisonment of at least five years).

both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
(2) whose deportation was subsequent to a conviction of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

Because the maximum sentence under § 1326(a) is two years imprisonment, Vasquez-Carrizoza contends that the district court erred by sentencing him to a term of imprisonment longer than two years under § 2L1.2(b)(2), which covers aggravated felonies and thus is applicable to § 1326(b)(2), but not to § 1326(a).[5]

Vasquez-Carrizoza received the exact sentence he bargained for in entering into the plea agreement. The parties apparently contemplated a conviction under § 1326(b)(2). Nevertheless, we cannot be sure that the district court did not intend to convict Vasquez-Carrizoza only of violating 8 U.S.C. § 1326(a)(1) & (2), in which case the 48-month sentence would have been improper. On the other hand, the sentencing court may have made a simple clerical error by entering a judgment of conviction only for § 1326(a)(1) & (2), instead of § 1326(a)(1), (a)(2), & (b)(2). In the latter case, the sentencing court could

---

[5] We also note that the indictment only alleged a violation of 8 U.S.C. § 1326(a)(1), (a)(2), & (b)(1). However, the Supreme Court recently held in Almendarez-Torres v. United States, ___ U.S. ___, 118 S. Ct. 1219, 223-33 (1998), that (b)(1) and (b)(2) only constitute penalty enhancement provisions and do not constitute additional offenses. Thus, the government is not required to charge the fact of an earlier conviction in the indictment, and the government's failure to allege a violation of (b)(2) in the indictment does not require a reversal of Vasquez-Carrizoza's conviction even though he pled guilty to violating (b)(2). See id.

- 7 -

correct the judgment under Federal Rule of Criminal Procedure 36 to reflect the plea agreement.[6]  Therefore, we REVERSE the district court's ruling denying Vasquez-Carrizoza's § 2255 motion and REMAND for further proceedings not inconsistent with this opinion.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,

David M. Ebel
Circuit Judge

---

[6]  Rule 36 provides, "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."