F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CANDELARIO MENDOZA-
CORRALES,

    Defendant-Appellant.

No. 98-2180

(D.C. No. CR-97-530-SC)

(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

---

A jury convicted Defendant Candelario Mendoza-Corrales on one count of

unlawful reentry into the United States, after a prior deportation, in violation of 8 U.S.C.

§ 1326(a). The district court sentenced Defendant to ninety-two months imprisonment.

On appeal Defendant claims (1) his § 1326(a) conviction prohibited the district court

from imposing a sentence greater than the statutory maximum penalty of two years, or, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

the alternative, (2) his 1988 state court conviction for assault with a deadly weapon did not constitute an aggravated felony for purposes of sentencing enhancement under § 1326(b). We exercise jurisdiction under 28 U.S.C. § 1291. We review these questions of statutory interpretation de novo, United States v. Angelo D., 88 F.3d 856, 859 (10th Cir. 1996), and affirm.

The relevant statutory provisions provide:

**§ 1326.  Reentry of removed aliens; criminal penalties for reentry of certain removed aliens**

**(a)** Subject to subsection (b) of this section, any alien who–
    **(1)** has been . . . deported . . . , and thereafter,
    **(2)** enters . . . the United States . . . ,
shall be fined . . . or imprisoned not more than 2 years, or both.

**(b)** Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection–
    **(1)** . . . ;
    **(2)** whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined . . . , imprisoned not more than 20 years, or both;

18 U.S.C. §§ 1326(a) & (b).

In Alendarez-Torres v. United States, 118 S. Ct. 1219 (1998), the Supreme Court, for reasons we need not reiterate here, held that subsection (b)(2) is a penalty provision which authorizes a court to increase the sentence for a recidivist convicted under subsection (a). Consequently, Defendant's argument that because he was convicted only of violating § 1326(a), the district court could not sentence him to more than two years imprisonment, the maximum authorized for an offender without an earlier conviction, is

2

meritless. Subsection (a) of § 1326 specifically states that it is "[s]ubject to subsection (b)." The government is not required to charge a prior aggravated felony conviction in the indictment or to prove such conviction during trial on the substantive charge. The government need only prove the prior conviction during sentencing proceedings. United States v. Valenzuela-Escalante, 130 F.3d 944, 947 (10th Cir. 1997); United States v. Valdez, 103 F.3d 95, 96-98 (10th Cir. 1996).[1] Because Defendant admitted his 1988 state court conviction for assault with a deadly weapon, and his subsequent deportation in July 1997, the district court did not err in applying § 1326(b)(2)'s sentencing enhancement.

In the alternative, Defendant argues that his conviction for assault with a deadly weapon does not constitute an aggravated felony for purposes of sentencing enhancement under subsection (b)(2). The applicable law defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, . . . ) for which the term of imprisonment [was] at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 1101(a)(43) further provides: "The term [aggravated felony] applies to an offense described in this paragraph whether in violation of Federal or State law . . . . Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction

---

[1] Our unpublished decision in United States v. Vasquez-Carrizoza, No. 97-2291, 1998 WL 234542 (10th Cir. 1998), is not to the contrary. In that case Defendant entered into a plea agreement pursuant to Fed. R. Crim. P. 11(e)(1)(C). We reversed the district court's denial of Defendant's § 2255 petition and remanded for further proceedings because we were unable to determine whether Defendant's conviction included a sentencing enhancement under subsection (b)(2). Id. at *3.

was entered before, on, or after September 30, 1996." In the 1996 amendments to Title 8, Congress further provided: " The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, <u>regardless of when the conviction occurred</u>." 110 Stat. 3009-628, § 321(c) (emphasis added). Thus, so long as a defendant commits the crime of reentry after deportation under 8 U.S.C. § 1326(a) after September 30, 1996, the effective date of the amendments, the amended definition of aggravated felony applies to prior convictions.[2] <u>Cf.</u> <u>United States v. Cabrera-Sosa</u>, 81 F.3d 998, 1000-01 (10th Cir. 1996).

In this case, Defendant received a two-year sentence of imprisonment for his conviction of assault with a deadly weapon, and reentered the United States after September 30, 1996. Therefore, Defendant is subject to the sentencing enhancement provisions of § 1326(b). Accordingly, the district court's judgment is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[2]  The commentary upon which Defendant relies to support his argument, 73 <u>Interpreter Releases</u> 1715-16 (Dec. 16, 1996), addresses the question of what constitutes an aggravated felony for purposes of deportability, not sentencing enhancement, and is thus inapposite.