**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

SERGIO ROBLES-MEDINA, aka
Oscar Medina-Morales,

     Defendant - Appellant.

No. 98-4172
(D.C. No. 98-CR-309-K)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Defendant-Appellant Sergio Robles-Medina pled guilty to unlawful re-entry of a deported alien, see 8 U.S.C. § 1326, and was sentenced to seventy months' imprisonment and three years' supervised release. Mr. Robles-Medina received a longer sentence because he had previously been convicted of an "aggravated felony" as that term is defined under federal law. See 8 U.S.C. §§ 1101(a)(43)(B)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

(definition), 1326(b)(2) (penalty).  Specifically, he had been convicted of a fourth degree felony for possession of a controlled substance, see N.M. Stat. Ann. §§ 30-31-23(A) & (B)(3) (Michie 1997 Repl. Pamp.), and was originally sentenced in state court to eighteen months of incarceration, deferred to eighteen months' probation, see I R. doc. 2 at 2.  The federal district court overruled his objection to an enhanced offense level and denied his motion for a downward departure. On appeal, he contends that his base offense level was incorrectly increased by sixteen levels for an "aggravated felony," see USSG § 2L1.2(b)(1)(A) (1997), rather than by four levels for a "misdemeanor controlled substance offense," see USSG § 2L1.2(b)(1)(B)(ii).

Our review of the legal issues in this appeal is de novo.  See United States v. Bencomo-Castillo, No. 98-2126, 1999 WL 300527, *2 (10th Cir. May 13, 1999) (district court's application of Sentencing Guidelines is reviewed de novo when a legal question is presented).  Despite the apparent clarity of the statute, see 8 U.S.C. §§ 1101(a)(43)(B), the applicable guidelines provision, see USSG § 2L1.2(b)(1)(A) and the applicable commentary, see USSG § 2L1.2, comment. (n.1) (defining "aggravated felony"), Mr. Robles-Medina suggests that a "misdemeanor controlled substance offense" means "the lowest class of offenses punishable by a term that exceeds one year."  Aplt. Br. at 5.  Accordingly, he says he comes within the lower enhancement (four levels).  He bases his argument on a

cross-reference to USSG § 4B1.2 contained in the commentary to § 2L1.2 (comment. (n.1)) stating that a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year."  USSG § 4B1.2(b).

There are at least three problems with this construction.  First, the term "misdemeanor controlled substance offense" is contained in § 2L1.2(b)(1)(B), which contemplates a four-level increase for "three or more . . . controlled substance offenses."  Section 2L1.2(b)(1)(B) by its terms does not apply to a conviction for an "aggravated felony."  Second, even if § 2L1.2(b)(1)(B) applied along with § 2L1.2(b)(1)(A), the guideline instructs that the provision resulting in the greatest increase–here, § 2L1.2(b)(1)(A)–should apply.  Third, Tenth Circuit precedent fully supports the district court's resolution of which enhancement applies.

In United States v. Cabrera-Sosa, 81 F.3d 998, 1000 (10th Cir. 1996), we determined that an "aggravated felony" under 8 U.S.C. § 1101(a)(43), included a drug offense that is (1) punishable under the Controlled Substances Act, and (2) a felony.  See also United States v. Lugo, 170 F.3d 996, 1006 (10th Cir. 1999); United States v. Forbes, 16 F.3d 1294, 1301 (1st Cir. 1994).  Mr. Robles-Medina's state conviction for possession of more than eight ounces of marijuana is punishable under the Controlled Substances Act.  See 18 U.S.C. § 924(c)(2); 21

U.S.C. § 844(a) (simple possession).  The offense need only be a felony under federal or state law, see 21 U.S.C. § 802(13); United States v. Pornes-Garcia, 171 F.3d 142, 145 (2d Cir. 1999); United States v. Valenzuela-Escalante, 130 F.3d 944, 946 (10th Cir. 1997), and the state conviction is a fourth-degree felony with a basic sentence of eighteen months' imprisonment.  See N.M. Stat. Ann. §§ 30-31-23(A) & (B)(3) (Michie 1997 Repl. Pamp.); 31-18-15(6) (Michie 1994 Repl. Pamp.); 30-1-6(A) (Michie 1994 Repl. Pamp.) ("A crime is a felony if it is so designated by law or if upon conviction thereof a sentence of death or of imprisonment for a term of one year or more is authorized.").

Mr. Robles-Medina also argued for a downward departure in the district court on similar grounds.  See 18 U.S.C. § 3553(b); USSG § 5K2.0, p.s.  He did not argue that departure was warranted under USSG § 2L1.2, comment. (n.5), which encourages downward departure based upon the seriousness of the aggravated felony in certain circumstances.  Normally, we lack jurisdiction to review a discretionary decision not to depart, but in this case the district court determined that it lacked the power to depart based upon its interpretation of the provisions relied upon by Mr. Robles-Medina.  See III R. 23-24;[1] United States v.

_____

[1]    In rejecting the argument that the four-point enhancement existed for situations like the defendant's, the district court stated:

Well, I wish it did.  I don't agree with you.  I wish it did.  I didn't write the guidelines.  And it looks to me like if you have something

- 4 -

<u>Castillo</u>, 140 F.3d 874, 888 (10th Cir. 1998) (discussing when a refusal to depart is reviewable); <u>United States v. Labielle-Soto</u>, 163 F.3d 93, 100 (2d Cir. 1998) (same).  Therefore, we have jurisdiction to consider this issue.

We have held that the proper focus of the "aggravated felony" classification is whether an offense meets the statutory definition of the underlying offense, not the specific facts of the offense.  <u>See</u> <u>United States v. Reyes-Castro</u>, 13 F.3d 377, 379 (10th Cir. 1993).  That is a different inquiry, however, than whether a downward departure is appropriate based upon a comparison of a defendant's offense with those of other defendants also in the category.  Citing <u>United States v. Rios-Favela</u>, 118 F.3d 653 (9th Cir. 1997), the government argues that any drug trafficking crime falls within the heartland, regardless of generic characteristics, such as quantity.  In <u>Rios-Favela</u>, a panel of the Ninth Circuit rejected a downward departure from an enhanced base offense level, regardless of the nature of the "aggravated felony."  <u>See</u> <u>id.</u> at 656-59; <u>see also</u> <u>United States v. Amaya-Benitez</u>, 69 F.3d 1243, 1247-1249 (2d Cir. 1995).  Given the Supreme Court's

---

called a felony where you have imprisonment for a term exceeding one year that your argument fails.  I say I wish it didn't fail.  I think I am going to have to impose a sentence, a longer sentence than makes any sense here.  But you can appeal it and maybe get it reduced.

III R. 24.  Thus, it appears that the district court determined that it was unable to depart for any "aggravated felony."

subsequent illumination of the proper framework for downward departures in Koon v. United States, 518 U.S. 81, 92-100 (1996), however, the Ninth Circuit overruled Rios-Favela. See United States v. Sanchez-Rodriguez, 161 F.3d 556, 560-63 (9th Cir. 1998) (en banc). Relying upon the November 1, 1997 version of USSG § 2L1.2 and Koon, the Eighth Circuit has recognized that the seriousness of the "aggravated felony" may be a valid basis for downward departure. See United States v. Diaz-Diaz, 135 F.3d 572, 581 (8th Cir. 1998). Therefor, we will remand for the district court to consider, consistent with Koon, whether a downward departure is appropriate in this case. See United States v. Collins, 122 F.3d 1297, 1301-03 (10th Cir. 1997) (discussing Koon).

AFFIRMED IN PART; REMANDED IN PART.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge