F I L E D
United States Court of Appeals
Tenth Circuit

JUN 28 1999

PATRICK FISHER
Clerk

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JAMIE SOSA-RUBIO,

     Defendant-Appellant.

No. 98-1335
(D.C. No. 98-CR-119-D)
(D. Colo.)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* FED. R. APP. P. 34(a); 10th Cir. R. 34.1(G).

Jaime Sosa-Rubio entered a guilty plea to unlawfully reentering the United States after deportation for an aggravated felony in violation of 8 U.S.C. §§

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1326(a) and (b)(2). He appeals the district court's denial of his motion to dismiss the indictment and raises an issue regarding his sentence. Counsel appointed to represent defendant on appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). We dismiss the appeal under *Anders*.

Mr. Sosa-Rubio, a Mexican citizen, was convicted and sentenced in state court for possession of LSD, a felony under Colorado Law. In 1996 upon completion of his sentence and following a group deportation hearing, Mr. Sosa-Rubio was deported to Mexico. In 1998, he was indicted for illegally reentering the United States. He moved to dismiss the indictment, arguing his 1996 deportation hearing did not comport with due process because he was not advised of the right of judicial review. While the district court agreed that the 1996 group deportation implicated procedural errors, the court denied the motion to dismiss because Mr. Sosa-Rubio failed to establish prejudice stemming from the proceedings.

Mr. Sosa-Rubio has asked his counsel to appeal this dismissal and to challenge the correctness of his sentence. *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he should so advise the court and request permission to withdraw. Counsel must in addition submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any points he chooses, and the

appellate court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See Anders*, 386 U.S. at 744.

In his *Anders* brief, counsel first contends the district court erred in denying the motion to dismiss the indictment based on a failure to show prejudice. The argument is that the settled Tenth Circuit law requiring a showing of prejudice to establish fundamental unfairness in a collateral challenge to an underlying immigration proceeding incorrectly interpreted the Supreme Court's holding in *United States v. Mendoza-Lopez*, 481 U.S. 828, 839-40 (1987). The defense contends that no showing of prejudice was required under *Mendoza-Lopez* and Mr. Sosa-Rubio's indictment should therefore have been dismissed despite lack of prejudice because he proved he was deprived of a right to appeal. The law in this circuit clearly states that where a defendant wishes to successfully collaterally challenge a deportation hearing effectively foreclosing his right to a direct appeal, the defendant must first show "fundamental unfairness," which requires a showing of prejudice. *United States v. Wittgenstein*, 163 F.3d 1164, 1170 (10th Cir. 1998); *United States v. Aranda-Hernandez*, 95 F.3d 977, 980 (10th Cir. 1996); *United States v. Marez-Valeta*, 26 F.3d 992, 998 (10th Cir. 1994); *see also*

*Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990).[1]  Since "this panel is not an en banc panel and, thus, is not in the business of overturning prior panels' decisions," *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998), we may not adopt defendant's position in direct contravention of a host of this court's prior decisions interpreting *Mendoza-Lopez*.[2]  Because Mr. Sosa-Rubio has never shown prejudice, his motion to dismiss the indictment was properly denied.  In light of clear law contrary to his position, his appeal of this issue is frivolous.

The second argument is that Mr. Sosa-Rubio's conviction for possession of LSD, a state felony, is only considered a federal misdemeanor and Mr. Sosa-Rubio did not therefore commit an aggravating felony for federal sentencing purposes.  For purposes of immigration offenses, the term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43)(B) to include "a drug trafficking crime (as

[1]Congress adopted a similar test in 8 U.S.C. § 1326, applicable to criminal proceeding instituted after April 24, 1996.  Like here, the statute requires a showing of both fundamental unfairness and a deprivation of judicial review.  8 U.S.C. § 1326(d).  We have explicitly held this standard to be constitutionally sound.  *See Wittgenstein*, 163 F.3d at 1170.

[2] Moreover, all other circuits considering the issue appear to similarly interpret *Mendoza-Lopez* as requiring a showing of prejudice.  *See United States v. Loaisiga*, 104 F.3d 484, 487 (1st Cir. 1997); *United States v. Fares*, 978 F.2d 52, 57 (2d Cir. 1992); *United States v. Encarnacion-Galvez*, 964 F.2d 402, 406 (5th Cir. 1992); *United States v. Espinoza-Farlo*, 34 F.3d 469,471 (7th Cir. 1994); *United States v. Santos-Vanegas*, 878 F.2d 247, 251 (8th Cir. 1989); *United States v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (en banc); *United States v. Holland*, 876 F.2d 1533, 1536 (11th Cir. 1989).

defined in section 924(c) of Title 18)." Section 924(c)(2) in turn defines such a crime as "any felony punishable under the Controlled Substances Act," and the Controlled Substances Act directs that a felony means "any Federal *or State offense* classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13) (emphasis added). Thus, a state felony conviction may constitute an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). *See United States v. Valenzuela-Escalante*, 130 F.3d 944 (10th Cir. 1997) (linking a state drug trafficking crime to an aggravated felony for immigration purposes). Accordingly, Mr. Sosa-Rubio' attempt to reclassify his LSD conviction as outside the scope of an aggravated felony is fruitless.

After review of the entire proceedings, we conclude that the record establishes no non-frivolous ground for appeal. The appeal is therefore **DISMISSED** and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-