**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-50312
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSIEL VALLEJO-OCAMPO,

Defendant-

Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-275-ALL-SS
-----------------------------------------------------------
November 20, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[1]

Osiel Vallejo-Ocampo appeals his sentence following his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He argues that the district court erred in increasing his base offense level by 16 levels pursuant to the aggravated-felony enhancement in U.S.S.G. § 2L1.2(b)(1)(A) based on his prior Texas convictions for cocaine possession. Vallejo contends that his prior convictions do not meet the definition of an aggravated felony as set forth in the current version of 8 U.S.C. § 1101(a)(43)(B). He additionally maintains that the rule of lenity requires that 8 U.S.C. § 1101(a)(43)(B) be interpreted in his favor.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vallejo's argument that his Texas convictions for possession of cocaine do not qualify as aggravated felonies for purposes of U.S.S.G. § 2L1.2(b)(1)(A) is foreclosed by our decision in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). See United States v. Hernandez-Avalos, 251 F.3d 505, 508 (5th Cir. 2001), petition for cert. filed, (U.S. Aug. 9, 2001)(No. 01-5773). Vallejo's argument that Hinojosa-Lopez is not controlling because the current version of 8 U.S.C. § 1101(a)(43)(B) does not refer to subsection two of 18 U.S.C. § 924(c) is unpersuasive. The current version of 18 U.S.C. § 1101(a)(43)(B) provides that an aggravated felony includes "any drug trafficking crime *as defined* in section 924(c) of Title 18" (emphasis added). The definition of the term "drug trafficking crime" is found specifically at subsection two of 18 U.S.C. § 924(c). See 18 U.S.C. § 924(c)(2). Moreover, by deleting the reference to subsection two of 18 U.S.C. § 924(c), Congress expanded the definition of aggravated felony to include all subsections of 18 U.S.C. § 924(c). See Notes following 8 U.S.C. § 1101 regarding 1994 amendment; see also United States v. Valenzuela-Escalante, 130 F.3d 944, 946 (10th Cir. 1997).

Vallejo's argument that the rule of lenity must be applied is foreclosed by our recent decision in United States v. Rivera, ___ F.3d ___, 2001 WL 1025808 at *1 (5th Cir. Sept. 7, 2001)(No. 00-20953).

AFFIRMED.